IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Ladale Reeves, ) | |
| ) | Civil Action No. 6:08-4031-HMH-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Nuvox Communications, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion to strike (doc. 66). In his complaint, the plaintiff, who is proceeding *pro se*, alleges that the defendant, his former employer, discriminated against him and retaliated against him in violation of the Americans with Disabilities Act ("ADA").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The defendants have moved to strike a document filed by the plaintiff on August 12, 2009 (doc. 68).[1] In that document, which consists of two pages and has been labeled by the Clerk of Court as a response in opposition to the defendant's motion for summary judgment, the plaintiff accuses the defendant through its counsel of submitting incomplete and misleading documents to the court. Specifically, the plaintiff accuses the defendant and its counsel of tampering with and illegally editing two performance improvement plans the plaintiff received during his employment with the defendant.

Copies of the performance improvement plans containing handwritten comments were provided to the defendant during discovery by the plaintiff. The plaintiff obtained the documents from the Equal Employment Opportunity Commission ("EEOC") in response to a

---

[1]This document was originally docketed as entry number 62, but the docket was later renumbered, and it is now entry number 68.

FOIA request. The plaintiff acknowledged during his deposition that the handwritten comments on these documents were his comments that he provided as feedback to the EEOC during the investigation of his charges of discrimination (def. m. to strike, ex. A, pl. dep.). These two documents, without the plaintiff's handwritten comments, were shown to him during his deposition, and at no time during the deposition did he state any challenge or objection to the documents that were shown to him. The plaintiff acknowledged in his deposition that it was his signature on the November 6, 2007, performance improvement plan (pl. dep. at 42-43, ex. 8).

In his response to the motion to strike filed August 24, 2009, the plaintiff states that he "withdraws the accusation of perjury towards [defense counsel] as he was not under oath." However, the plaintiff continues to make unsupported claims against defense counsel. The plaintiff also submitted a document on August 25, 2009 (doc. 76) in which he stated that he now "charges unlawful termination along with discrimination and numerous retaliations." The statement appears to be merely a re-characterization of his current discrimination and retaliation claims. However, to the extent the plaintiff is attempting to assert a new cause of action for wrongful termination, the deadline for filing motions to amend the pleadings expired on April 15, 2009, and the discovery deadline in this case expired on July 15, 2009. Accordingly, any attempt by the plaintiff to amend his complaint now to assert a new cause of action is untimely and prejudicial to the defendant and is therefore denied.

The plaintiff has failed to show any misrepresentation on the part of the defendant or its counsel and has simply made unsupported disparaging remarks against them without proper investigation. Based upon the foregoing, the defendant's motion to strike the two-page document filed on August 12, 2009 is granted. The additional exhibits filed on that date are not stricken and will be considered by the court as part of the plaintiff's opposition to the defendant's motion for summary judgment.

On August 26, 2009, the plaintiff filed a document (doc. 78) stating that he had yet to address the defendant's motion for summary judgment but that he would do so by bringing a box of documents to the court with a summary attached to it. On August 28, 2009, the plaintiff brought the box of documents and summary to the Clerk of Court for filing. The Clerk of Court has filed the plaintiff's "summary" as his response to the motion for summary judgment. In addition, the Clerk of Court filed as exhibits a letter to the court regarding altered documents, a letter to the court regarding affidavits, a CD index, 20 pages of EEOC documents, and an October 2, 2008 performance improvement plan.

The Clerk of Court has not yet filed the additional documents in the box submitted to the court by the plaintiff. The box contains original documents and duplicates of documents already filed by the plaintiff. Accordingly, the plaintiff is directed to return to the Clerk of Court to pick up the box of documents. The plaintiff should submit only those documents that he wants filed by the court.[2] Duplicates of documents he has already filed in his previous submissions should not be included. Further, the plaintiff should submit only copies of his original documents because the documents will not be returned to him after filing. Finally, the plaintiff should label and tab his documents prior to submission. The deadline for the plaintiff's response to the motion for summary judgment is now September 2, 2009. Accordingly, this deadline is extended through September 11, 2009, so that the plaintiff can resubmit the aforementioned documents. The defendant's reply, if any, will be due thereafter.

Wherefore, based upon the foregoing, the defendant's motion to strike is granted.

IT IS SO ORDERED.

September 1, 2009　　　　　　　　　　　　　　　s/William M. Catoe
Greenville, South Carolina　　　　　　　　　　　United States Magistrate Judge

---

[2] The defendant has also expressed concern that the plaintiff may submit documents for filing that have not been produced to the defendant in discovery. If such documents are in fact filed by the plaintiff, the defendant may then file the appropriate motion.