IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael Ladale Reeves, | ) | C.A. No. 6:08-4031-HMH-WMC |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Nuvox Communications, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Michael Ladale Reeves ("Reeves") alleges that the Defendant violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Reeves alleges claims for failure to accommodate, retaliation, and disparate treatment. Magistrate Judge Catoe recommends granting the Defendant's motion for summary judgment. After review, the court adopts the magistrate judge's Report and Recommendation and grants the Defendant's motion for summary judgment.

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1)(2006).

1

Reeves filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Reeves' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean three specific objections. Reeves objects that Magistrate Judge Catoe is operating under a conflict of interest. Second, Reeves alleges that his emails of October 9 and 11, 2007, support his argument that he was denied a reasonable accommodation. Third, Reeves argues in support of his disparate treatment claim that he, as a diabetic, was treated differently because other employees including another diabetic committed the same acts but were not punished. (Objections, generally.)

Reeves argues that Magistrate Judge Catoe should be disqualified because of a conflict of interest. (Id 1.) However, Reeves fails to provide any basis to support disqualification. A review of the objection reveals that Reeves objects to a number of Magistrate Judge Catoe's conclusions. The Defendant moved to strike two documents, performance improvement plans, submitted by Reeves that had been altered by him after they were created to provide information to the EEOC during the EEOC investigation. (Def.'s Mot. Strike Ex. 1 (Pl. Dep. at 84).) During his deposition, Reeves lodged no challenge regarding the authenticity of the performance

improvement plans without alterations by Reeves. Reeves accused and continues to accuse the Defendant of altering and tampering with these documents. (Objections 4.) On September 1, 2009, Magistrate Judge Catoe properly granted the Defendant's motion to strike both documents because Reeves has failed to provide any evidence of misrepresentation by the Defendant.

In addition, Reeves alleges that Magistrate Judge Catoe considered evidence that was filed with the court after the July 15, 2009 discovery deadline. Specifically, Reeves cites two affidavits and his deposition excerpts and exhibits submitted on July 29, 2009, in support of the Defendant's motion for summary judgment. Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, affidavits may be submitted in support of a motion for summary judgment. Further, the deposition that the Defendant submitted in support of summary judgment was taken June 30, 2009, which was within the discovery deadline of July 15, 2009. Based on the foregoing, there is no evidence to support the inference that Magistrate Judge Catoe should be disqualified due to a conflict of interest in this case. Therefore, this objection is wholly without merit.

Reeves also argues that the magistrate judge improperly concluded that his October 9 and 11, 2007 emails did not request a reasonable accommodation for his diabetes. (Objections, generally.); (Reeves' Resp. Opp'n Summ. J. Exs. (Emails).) To prove a prima facie case for failure to accommodate under the ADA, Reeves must show "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations." Rhoads v. F.D.I.C., 257 F.3d 373, 387 n.11 (4th Cir. 2001). As noted by the magistrate judge, the two

3

emails are completely silent regarding Reeves' diabetes or any other medical condition. In fact, the emails indicate that Reeves is looking for a new position. (Reeves' Resp. Opp'n Summ. J. Exs. (Emails).) Further, Reeves' argument that Candace Campbell's, his direct supervisor, and Ann McKenzie's, another supervisor, knowledge of his diabetes supports his reasonable accommodation claim is without merit as there is no evidence that Reeves requested a reasonable accommodation. (Objections 1.) After review of the record, the only inference that can be drawn is that Reeves never requested a reasonable accommodation. Therefore, this objection is without merit.

Lastly, Reeves argues in support of his disparate treatment claim that he was treated differently than other employees including another employee with diabetes. (Objections 4-5.) This claim is analyzed under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973). This framework is as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (quoting McDonnell Douglas, 411 U.S. at 802) (citations omitted). "Liability in a disparate-treatment case depends on whether the protected trait . . . actually motivated the employer's decision." Raytheon Co. v. Hernandez, 540 U.S. 44, 52 (2003) (internal quotation marks omitted). Reeves' argument that another employee with diabetes was treated differently supports the inference that he was not treated differently because of his diabetes. Mack v. Great Dane Trailers, 308 F.3d

4

776, 782 (7th Cir. 2002) (noting that evidence that a similarly situated disabled individual is treated differently than a less- or nondisabled individual may raise an inference that the adverse action was taken because of the individual's disability). Further, Reeves has failed to provide any evidence that other individuals with the same job performance issues as Reeves were treated differently than him.

Moreover, even if Reeves could establish a prima facie case of disparate treatment, he has failed to provide any evidence of pretext to defeat the Defendant's legitimate, nondiscriminatory reason for termination. McDonnell Douglas, 411 U.S. at 802-04. Reeves was employed by the Defendant as a customer account analyst and his primary responsibility was to answer customer telephone calls and create and handle work tickets for billing and other credits. Reeves received a performance improvement plan on November 6, 2007, because of lack of proper documentation; the need for more thorough research, analysis, and documentation for providing customer credits; and the need to limit his personal time. (Def.'s Mem. Supp. Summ. J. Ex. 1 (Pl. Dep. Ex. Nov. 6, 2007 Plan).) Again, on January 11, 2008, Reeves received a performance improvement plan for continuing, after being instructed not to, to transfer calls to a nonexistent queue, unauthorized use of the internet, and failing to properly log calls in the computer system. (Id. Ex. A (Pl. Dep. Ex. Jan. 11, 2008 Plan).) On April 24, 2008, Reeves received a third performance improvement plan for failing to review contracts on a low call volume day and disregarding the chain of command. (Id. Ex. A (Pl. Dep. Ex. Apr. 24, 2008 Plan).) Reeves was terminated on May 9, 2008, for failing to properly document calls and perform warm transfers on customer calls. (Id. Ex. A (Pl. Dep. at 86).) There are no genuine

issues of material fact concerning Reeves' disparate treatment claim. Based on the foregoing, this objection is without merit.

In addition, Reeves raises numerous arguments in his objections challenging the facts. (Objections, generally.) However, the court has independently reviewed the record and concludes that Reeves has failed to raise any genuine issues of material fact to defeat summary judgment. The only inference that can be drawn from the record is that Reeves was terminated for unsatisfactory job performance. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Catoe's Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendant's motion for summary judgment, docket number 57, is granted. It is further

**ORDERED** that all remaining motions are dismissed as moot.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 18, 2009

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.